IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NORTH FORK WIND, LLC, et al., | |
| Plaintiffs, | 4:24-CV-3150 |
| vs. | MEMORANDUM AND ORDER |
| KNOX COUNTY, NEBRASKA, et al., | |
| Defendants. | |

This matter is before the Court on the plaintiffs' contested motion for leave to file a second amended complaint, filing 115. The defendants have moved for summary judgment, filing 107. The deadline for the plaintiffs to respond to the summary judgment motion has been stayed pending the Court's ruling on the present motion. The motion for leave to amend will be granted, and the plaintiffs shall respond to the summary judgment motion on or before December 19, 2025.

## I. BACKGROUND

The plaintiffs in this case are a commercial wind farm developer—North Fork Wind, LLC—and several landowners in Knox County who leased their property to North Fork Wind to develop a wind farm. They are suing the defendants—Knox County, the Knox County Board of Supervisors, and individual members of the Board of Supervisors—for certain changes in zoning laws involving commercial wind farms. The plaintiffs filed their original complaint in August 2024, and an amended complaint in October 2024, challenging the County's June 2024 amendments to its Comprehensive Development Plan. *See* filing 1; filing 66 at 29-30.

The defendants moved to dismiss the plaintiffs' complaint, but the Court determined in March 2025 that the plaintiffs had adequately alleged a claim under the Takings Clause of the Fifth Amendment. Filing 95 at 38. The Court limited discovery to the issue of whether the plaintiffs' physical use of their property was substantial enough to vest a property interest in a now-nonconforming use. Filing 95 at 39. The plaintiffs' deadline to move to amend pleadings was December 1, 2025. Other discovery deadlines extend well into 2026. Filing 105 at 1.

In June 2025, the County passed a resolution wholly "banning the type of wind energy projects" that the plaintiffs seek to develop. Filing 108 at 3, 10. The defendants filed their motion for summary judgment shortly thereafter, arguing, in part, that the June 2025 resolution moots the June 2024 amendments and effects a total ban on commercial wind energy developments. Filing 108 at 16.

The plaintiffs timely seek to amend their complaint in response to the June 2025 resolution. *See* filing 135-1 at 2. The proposed amended complaint asserts that the County acted arbitrarily and capriciously to pass that resolution. It also reasserts federal constitutional claims under the Fifth and Fourteenth Amendments, adds a claim for an alleged violation of the Dormant Commerce Clause, and "clarifies" various state law claims. The state law claims include alleged violations of the Nebraska Constitution, bad faith enactment of zoning laws, violations of Knox County's own Zoning Resolution and Comprehensive Development Plan, violations of Chapter 23 of the Nebraska Revised Statutes, and that the County's regulation is preempted by state law. *See* filing 135-1.

The defendants oppose the motion for leave to file a second amended complaint. They argue the proposed amendments are futile, particularly in

2

light of the defendants' pending motion for summary judgment.

## II. STANDARD OF REVIEW

The purpose of Fed. R. Civ. P. 15(a) is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1621 (2025). Absent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment— leave to amend should be granted. *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989) (citing *Foman v. Davis,* 371 U.S. 178 (1962)). It is, in other words, up to the defendants to provide a reason why the plaintiffs shouldn't be allowed to amend their complaint. *See id*.; *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000).

Generally, if a court denies leave to amend on the basis of futility, it has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6). *Kale v. Aero Simulation, Inc.*, 139 F.4th 684, 690 (8th Cir. 2025). However, a court should not consider the likelihood of success unless the claim is "clearly frivolous." *Popp Telecom*, 210 F.3d at 944. It is an abuse of discretion for a court to deny amendments based on similar facts to those comprising the original complaint. *Id.* at 943.

## III. DISCUSSION

The plaintiffs are, for the most part, seeking to allege additional facts arising out of events that occurred after this suit was filed, in support of its existing claims for relief. The Court already found that the plaintiffs sufficiently pled a constitutional takings claim. The additional facts in the

amended complaint merely reflect the change in law that the County is using to justify its motion for summary judgment. It would be manifestly unjust to permit Knox County to rely on its new regulations in support of its motion, *see* filing 108 at 10, without providing the plaintiffs the opportunity to challenge those regulations.

The plaintiffs assert Knox County is impermissibly and unconstitutionally interfering with a protectible property interest; whether and to what extent Knox County's regulations affect any property interests depends on what those regulations *are*. For that reason alone, the Court will grant the leave to amend.

The plaintiffs have also included several additional claims for relief, under both state and federal law. Rather than discuss the viability of those additional claims through a phantom Rule 12(b)(6) motion, the Court will permit the plaintiffs to amend their complaint, and Knox County may move to dismiss any individual claims for which there is not adequate factual support.[1]

The additional facts in the amended complaint, however, do not moot the

---

[1] Knox County argues that many of the plaintiffs' claims are precluded by the "law of the case" doctrine. Filing 124 at 5-8. But that canon doesn't apply to interlocutory orders, which can always be reconsidered and modified by a district court prior to entry of a final judgment. *First Union Nat'l Bank v. Pictet Overseas Tr. Corp., Ltd.*, 477 F.3d 616, 620 (8th Cir. 2007); *see also Morgan-Tyra v. City of St. Louis*, 89 F.4th 1082, 1085 n.2 (8th Cir. 2024); Fed. R. Civ. P. 54(b) (an interlocutory order "that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims"). And even then it's a doctrine of discretion, not a command. *Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. and Urb. Dev.*, 807 F.2d 1433, 1440 (8th Cir. 1986) (citing *Arizona v. California,* 460 U.S. 605 (1983)); *see also Pepper v. United States*, 562 U.S. 476, 506 (2011) (law of the case "does not apply if the court is convinced that its prior decision is clearly erroneous and would work a manifest injustice").

pending motion for summary judgment. The plaintiffs' takings claim still depends on whether the physical use of their property was substantial enough to vest a property interest in a now-nonconforming use. *See* filing 95 at 39. That is the sole issue on summary judgment, and there is no reason presented by the amended complaint to delay its adjudication. Therefore,

IT IS ORDERED:

1. The plaintiffs' motion for leave to file second amended complaint (filing 115) is granted.

2. The plaintiffs shall file the second amended complaint on or before December 11, 2025.

3. The plaintiffs shall respond to the defendants' motion for summary judgment (filing 107) on or before December 19, 2025.

Dated this 5th day of December, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

5